## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

ERICK COLEMAN,
    Defendant

Criminal Complaint

CASE NUMBER: 08-114-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about July 1, 2008, in the District of Delaware, Defendant Erick Coleman, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, in violation of Title 18, United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am sworn as a Special Deputy U.S. Marshal and am assigned to the ATF and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:  Yes

_____
Steven Parrott
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

July 1, 2008      at      Wilmington, DE
Date                                                  City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer                      Signature of Judicial Officer

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on July 1, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant ERICK COLEMAN from the Delaware Justice Information System and learned that the defendant has seven felony convictions for which he faced incarceration for more than one year. Those felony convictions are Carrying a Concealed Deadly Weapon on or about 04/28/08 in New Castle County Superior Court, Forgery 2nd Degree on or about 08/06/07 in Sussex County Superior Court, Receiving Stolen Property over $1,000 on or about 03/02/05 in New Castle County Superior Court, Escape After Conviction on or about 09/21/01 in Kent County Superior Court, Assault 1st Degree on or about 12/05/96 in New Castle County Superior Court, Possession of a Narcotic Schedule II Controlled Substance within 1,000 feet of a School on or about 08/02/95 in New Castle County Superior Court, and Assault 2nd Degree and Possession of a Deadly Weapon During the Commission of a Felony on or about 07/24/91 in New Castle County Superior Court.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following. Officer 1 was working in uniform with a partner and they responded with other officers to a report of a man with a gun at a certain location in the city of Wilmington, Delaware. Officers were given a specific description of the armed subject.

6. Officer 1 told your affiant the following. Upon arriving in the area, which is known to Officer 1 to be a high crime area, Officer 1 saw the defendant, ERICK COLEMAN, on a porch of a house in the block. The defendant had his back to the street and his hands were in his lap. He matched the description given to officers and was the only person in the area who did.

7. Officer 1 told your affiant the following. Officer 1 and other officers approached the defendant and another person who was on the porch. The defendant refused to comply with officers' verbal commands and kept his back to officers and his hands in his lap. He was forced to the ground and taken into custody. He was rolled onto his side and at that time Officer 1 saw a handgun tucked in the front of his pants.

8. Your affiant viewed the seized firearm and found that it is a Ruger Model P95DC 9mm semi-automatic handgun, serial number 311-41104. At the time it was seized it contained eleven rounds of ammunition in the magazine and one in it's chamber. It contained the frame and receiver of a firearm and appeared, based on your affiant's training and experience, to be a firearm.

9. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms. The agent stated that the seized firearm was manufactured in a state other than Delaware, meaning that it had to cross state lines prior to its possession by the defendant.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did possess in and affecting interstate commerce, a firearm after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2).

_____
Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 1st day of July, 2008.

_____
The Honorable Leonard P. Stark
United States Magistrate Judge